UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

In re:                                                          Chapter 7

                                                                Case No. 21-30943-jda
Kristina Early McDonough,                                       Hon. Joel D. Applebaum

      Debtor.
_____/

Samuel D. Sweet, Trustee,

      Plaintiff,

v.                                                              Adv. No. 21-3031

Sarah McDonough and Tristan McDonough,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF/TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on plaintiff/chapter 7 Trustee's ("Trustee") Motion for Summary Judgment. The Trustee seeks to recover for this bankruptcy estate $8,600 Debtor, Kristina Early McDonough ("Debtor"), transferred to her children ("Defendants") under 11 U.S.C. §§ 548 and 549 (fraudulent transfer and impermissible post-petition transfer). For the reasons set forth below, the Trustee's Motion for Summary Judgment is GRANTED.

## JURISDICTION

Bankruptcy courts have jurisdiction over all cases under Title 11 and all core proceedings arising under Title 11 or in a case under Title 11. 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H).

## FACTS

On June 1, 2021, Debtor transferred $5,644.34 from her bank account to or for the benefit of her daughter, Defendant Sarah McDonough. (Stipulated Fact, Parties' Joint Final Pre-Trial Statement, Dkt. 23).

On June 29, 2021, Debtor filed a chapter 13 bankruptcy petition.

On July 19, 2021, Debtor transferred $3,000 from her bank account to or for the benefit of her son, Defendant Tristan McDonough. (Stipulated Fact, Parties' Joint Final Pre-Trial Statement, Dkt. 23).

On August 6, 2021, the case converted to Chapter 7. The Trustee was subsequently appointed.

On October 20, 2021, the Trustee filed an adversary complaint against Defendants seeking to recover the transfers for the benefit of Debtor's bankruptcy estate. The Complaint seeks to recover the $5,644.34 as a fraudulent transfer under § 548, and the $3,000 transfer under § 549 as an impermissible post-petition transfer.

On March 16, 2022, the Trustee filed the present Motion for Summary Judgment. (Dkt 11). The Motion is supported by copies of Debtor's bank statements. The bank statement dated May 27, 2021 through June 24, 2021 shows that on May 27, 2021, $5,500 was deposited into Debtor's account by Alyson Tigner-Morgan. On June 1, 2021, $5,644.34 was withdrawn. (Dkt. 17, Ex. A). The bank statement dated June 25, 2021 through July 27, 2021 shows that on July 19, 2021, $3,000 was deposited into Debtor's account by Tracie Hatfield Strickland. On that same date, $3,000 was withdrawn. (Dkt. 17, Ex. A). Debtor received no consideration for either of the transfers. (Stipulated Fact, Parties' Joint Final Pre-Trial Statement, Dkt. 23).

On March 18, 2022, Defendants filed a Response to the Trustee's Motion for Summary Judgment. In their Response, Defendants concede "that the fact that the funds were transferred does provide a prima facie case in [the Trustee's] favor." (Response at 2). Defendants assert, however, that the $5,000 deposited by Ms. Tigner-Morgan was passed on to Debtor's daughter to assist in the purchase of a car, and that the $3,000 deposited by Ms. Hatfield Strickland was pass on to Debtor's son to assist with the down payment on a house.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, summary judgment is only appropriate when there is no

3

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id*. at 247-48. A "genuine" issue is present "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (quoting *Anderson*, 477 U.S. at 248).

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Int'l Corp*.,171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." *Id*. (citing *Anderson*, 477 U.S. at 248). In meeting their respective burdens of proof,

> [T]he moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. [*Street v. J.C. Bradford & Co.,* 886 F.2d at] 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." *Id*.

4

If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, if the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted. *Street*, 886 F.2d at 1477. Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

While a court must proceed cautiously in considering subjective issues, the Supreme Court has indicated that the existence of subjective issues does not necessarily foreclose summary judgment disposition. *Street*, 886 F.2d at 1479 (synthesizing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. *Id*.

Finally, the Sixth Circuit has concluded that, in the "new era" of summary judgments that has evolved from the teachings of the Supreme Court in *Anderson*, *Celotex*, and *Matsushita*, trial courts have been afforded considerably more discretion in evaluating the weight of the nonmoving party's evidence. *Street*, 886 F.2d at 1480. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, the motion should be granted. *Id*.

*Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995).

## ANALYSIS

The Trustee in this case seeks to recover from Defendants the funds transferred from Debtor's bank account both pre-petition, pursuant to 11 U.S.C. § 548, and post-petition, pursuant to 11 U.S.C. § 549.[1] Because Defendants concede that the Trustee has established his prima facie case against Defendants under both of those sections, the burden shifts to Defendants, as the non-moving parties, to come forward with specific facts, supported by evidence in the record, on which the Court could find in their favor.

In their very short response brief, Defendants proffered no evidence in support of any legal theory that would permit the Court to deny the Trustee's Motion. Defendants' entire argument is set forth in two paragraphs:

> 1. The bank statements filed by the Trustee as an exhibit and attached hereto clearly show Zelle payments made by Ms. Tigner-Morgan and Ms. Hatfield-Strickland supporting the facts set forth in this case.
>
> 2. The Trustee did not look for any evidence. He conducted no written discovery nor did he take any depositions. Had he done either, he would have uncovered evidence of the Debtor's [sic] Trust Theory.

---

[1] 11 U.S.C. § 548(a)(1)(B) provides that the trustee may avoid (i) a transfer of an interest of the debtor in property; (ii) made within 2 years before the filing of the petition, if the debtor (iii) received less than reasonably equivalent value in exchange and (iv) was insolvent on the date of the transfer or became insolvent as a result of the transfer. *In re Hayes*, 322 B.R. 64, 646 (Bankr. E.D. Mich. 2005).

To avoid transfers under § 549(a), the trustee must establish four elements: 1) that the unauthorized transfer occurred after the commencement of the case; 2) that the transfer involved property of the estate; 3) that the Debtors transferred the property; and 4) that the transfer was not authorized by the court or the Bankruptcy Code. *Slone v. Anderson (In re Anderson)*, 511 B.R. 481, 597 (Bankr. W.D. Ohio 2013).

Defendants' Brief in Support of Objection to Motion for Summary Judgment at 2 [Dkt. No. 17].

With respect to Defendants' first paragraph, the bank statements submitted by Defendants do, in fact, show funds going into and out of Debtor's account. But that is all they show. There are handwritten notations next to two payments on the copies of the same statements submitted by Defendants, but nothing identifies who made the notations (they were not on the copies submitted by the Trustee) or the relevance of bank statements or the handwritten notes to any legal theory or defense.

The only clue the Court has regarding any legal theory on which Defendants may be relying is found in the second paragraph: a "Trust Theory." Defendants do not explain that theory, its elements, or present any evidence (documents, affidavits, etc.) in support of those elements. Rather, Defendants simply take the Trustee to task for "failing to uncover evidence of the "Debtor's Trust Theory" [sic] through discovery. However, the burden of proof in rebutting Trustee's *prima facie* case falls on Defendants, and it is their responsibility to articulate a defense and proffer evidence sufficient to demonstrate the existence of a genuine issue of material fact to justify denying the Trustee's Motion. Defendants have not done that.

## CONCLUSION

The Trustee has established his *prima facie* case to set aside and recover a fraudulent transfer under 11 U.S.C. § 548 and an impermissible post-petition transfer

under 11 U.S.C. § 549. Defendants failed to proffer any evidence to rebut the Trustee's case. Accordingly,

IT IS HEREBY ORDERED that the Trustee's Motion for Summary Judgment is GRANTED.

**Signed on April 11, 2022**



/s/ Joel D. Applebaum
_____
Joel D. Applebaum
United States Bankruptcy Judge